Order Filed on March 25, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

CXE 16-016784
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856)793-3080
Krystin M. Kane - 171402015
Kathleen M. Magoon - 040682010
Donna L. Skilton - 013072007
Charles G. Wohlrab - 016592012
Courtney A. Martin - 098782016
Elizabeth L. Wassall - 023211995
Jeffrey Rappaport - 003431991
Kristen D. Little - 017411997
ATTORNEYS FOR NATIONSTAR MORTGAGE LLC
D/B/A MR. COOPER

IN RE:

SERGIO CAMPOHERMOSO, DEBTOR

CASE NO.: 18-27596-RG

HEARING DATE: March 20, 2019

JUDGE: HONORABLE ROSEMARY GAMBARDELLA

**CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through two (2) is hereby ORDERED.

**DATED:** March 25, 2019

_____
Honorable John K. Sherwood
United States Bankruptcy Court

This matter being opened to the Court by David L. Stevens, attorney for the Debtor upon filing of a Chapter 13 Plan, and Nationstar Mortgage LLC d/b/a Mr. Cooper, hereinafter "Secured Creditor," by and through its Authorized Agent, Shapiro & DeNardo, LLC, upon the filing of an Objection to Confirmation of Plan, and parties having subsequently resolving their differences with regard to the Debtor's Chapter 13 Plan; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and the court considered the parties' application for entry of this Consent Order, and for other good cause shown,

1. Secured Creditor is the holder of a mortgage dated June 13, 2008, made by the Felix Pineda and Elva Pineda, Husband and Wife, on real property located at 209 Mellon Place, Elizabeth, New Jersey 07208, to secure payment of the sum of $406,000.00; which mortgage is recorded or registered in the office of the Clerk or Register of Union County in Book M12518 of Mortgages on page 597.

2. Secured Creditor filed a Proof of Claim (Claim No.: 4-1) on October 8, 2018; listing a total secured claim of $604,532.07 with respect to the amounts secured by the mortgage referenced in Paragraph 1 of this Order.

3. For purposes of this bankruptcy proceeding only and for the purpose of treating Secured Creditor's claim in the Debtor's Chapter 13 plan, the Debtor and Secured Creditor agree to modify, pursuant to 11 U.S.C. §1322(b)(2) and all other applicable statutes, the secured portion of this claim to $360,000.00. The remaining portion of Secured Creditor's claim shall constitute a general unsecured claim in this bankruptcy case. Nothing in this order is meant to affect the characterization or validity of this claim in any other proceeding.

4. Debtor shall remit to Secured Creditor, through the Chapter 13 Plan, the entire secured portion of the claim, as defined in Paragraph 3, $360,000.00, along with any and all interest that has accrued on this sum, as defined in Paragraph 5; within the remaining months of Debtor's Chapter 13 Plan.

5. Interest shall accrue on any remaining portion of the secured claim, as defined in Paragraph 3 at the rate of 6.5000% per annum, starting at the time of Confirmation of Debtor's Chapter 13 Plan. Debtor shall fully satisfy this secured claim and accrued interest thereof within the Chapter 13 Plan.

6. Since the date of the filing the Bankruptcy Petition with the Courts on August 31, 2018, Secured Creditor has expended the total amount of $686.50 for escrowed items and shall be incorporated into the Chapter 13 Plan.

7. Trustee shall disburse to the Secured Creditor the Sum of $422,628.80 to represent the payment in full including interest.

8. Debtor agrees to provide proof of a valid homeowner's insurance policy with-in ten (10) days of entry of this Order.

9. Debtor shall maintain any and all property tax and homeowner's insurance payments with respect to the real property located at 209 Mellon Place, Elizabeth, New Jersey 07208. Secured Creditor has the right to monitor the expenses referenced in this Paragraph (6) and submit a Certification of Default for the Debtor's failure to maintain escrow expenses if any such expenses remain unpaid by the Debtor for thirty (30) days after coming due.

10. Secured Creditor's claim referenced in this Order, shall be reviewed every six (6) months by Secured Creditor and Debtor; and any adjustments shall be made by Consent Order acceptable to both parties

11. In the event Debtor's Chapter 13 Plan does not complete, Debtor agrees Secured Creditor's lien as to the subject property is retained to the fullest amount permissible under New Jersey law.

12. Creditor agrees this Order resolves the Objection to Confirmation of Plan filed on October 19, 2018; ECF Doc. No.: 19.

13. This Consent Order is hereby incorporated into Debtor's Chapter 13, Plan.

We hereby consent to the form, content, and entry of the within Order.

Shapiro & DeNardo, LLC

_____   Date: 3-21-19
Charles G. Wohlrab, Esquire
Attorney for the Secured Creditor

_____   Date: 3/20/2019
David L. Stevens, Esquire
Attorney for the Debtor